[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-10075

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

PRISCILLA ANN ELLIS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:15-cr-00320-SDM-NHA-3

_____

Before WILLIAM PRYOR, Chief Judge, and BRASHER and ABUDU, Circuit Judges.

PER CURIAM:

Priscilla Ellis, a federal prisoner, appeals *pro se* the denial of her second motion for compassionate release. 18 U.S.C. § 3582(c)(1)(A). The district court denied Ellis's second motion for the same reasons it denied her first motion—that the statutory sentencing factors, *id.* § 3553(a), "weigh[ed] decisively against" a sentence reduction because she remained a danger to the public. The United States moves for summary affirmance. Because "the position of [the United States] . . . is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case," *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969), we affirm.

We review a denial of a prisoner's motion for compassionate release for abuse of discretion. *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021). A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the determination, or makes clearly erroneous factual findings. *United States v. Barrington*, 648 F.3d 1178, 1194 (11th Cir. 2011).

A district court has no inherent authority to modify a defendant's sentence and may do so "only when authorized by a statute or rule." *United States v. Puentes*, 803 F.3d 597, 605–06 (11th Cir. 2015). A district court may reduce a term of imprisonment, under section 3582(c)(1)(A), "if (1) the § 3553(a) sentencing factors favor

doing so, (2) there are extraordinary and compelling reasons for doing so, and . . . (3) doing so wouldn't endanger any person or the community within the meaning of [U.S.S.G.] § 1B1.13's policy statement." *United States v. Tinker*, 14 F.4th 1234, 1237 (11th Cir. 2021) (quotation marks omitted). The district court may consider these factors in any order, and the absence of any of the three forecloses a sentence reduction. *See id.* at 1237–38; *United States v. Giron*, 15 F.4th 1343, 1347 (11th Cir. 2021).

Summary affirmance is appropriate. *See Groendyke Transp.*, 406 F.2d at 1162. The district court denied Ellis's first motion for compassionate release after ruling that she presented a "tangible and imminent threat to the public, including her family." The district court explained that Ellis, who participated in an international fraudulent scheme and extracted millions of dollars from numerous victims, had served less than five years of her 40-year sentence for those offenses, and she had not begun to serve her 65-year sentence imposed after she was convicted separately of attempting to murder several of the witnesses against her and their family members. In denying Ellis's second motion for compassionate release, the district court ruled that the statutory sentencing factors still "weigh[ed] decisively against Ellis's release because Ellis remains a danger to the public." The district court did not abuse its discretion. And we need not decide whether she has identified an extraordinary and compelling reason for compassionate release. *See Tinker*, 14 F.4th at 1237–38. Insofar as Ellis moves for appointment of counsel, she lacks a statutory or constitutional right to counsel in this

proceeding, and the interests of justice do not support her request. *See United States v. Webb*, 565 F.3d 789, 795 & n.4 (11th Cir. 2009).

Because there is no substantial question as to the outcome of the case, we **GRANT** the motion for summary affirmance and **DENY** Ellis's motion for appointment of counsel. *See Groendyke Transp.*, 406 F.2d at 1162.

**AFFIRMED.**